

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 18, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/04/20
```

**BY FACSIMILE and ECF**
The Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  Securities and Exchange Commission v. Mekawy and Seidel,
     19 Civ. 11731 (VM)

Dear Judge Marrero:

The Government respectfully submits this letter pursuant to the Court's Individual Rules of Practice in Civil Cases seeking (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay all proceedings in this action (the "Civil Action"), until the conclusion of the parallel criminal case, *United States v. Seidel and Mekaway*,[1] 19 Mag. 11952 (the "Criminal Case"). Defendants Mekawy and Seidel consent to the Government's application. The plaintiff, the Securities and Exchange Commission ("SEC"), consents to the Government's motion to intervene and takes no position on the propriety of a stay.

A stay in this matter is appropriate in order to promote judicial efficiency and preserve the careful balance struck by the Federal Rules of Criminal Procedure with regard to discovery. Moreover, because the Government anticipates that both defendants will resolve the criminal charges against them very soon, the requested stay will be short in duration.

## Background

This action, and the parallel Criminal Case charge Seidel and Mekawy with falsifying the books and records of Seidel & Co., LLC ("Seidel & Co."), a broker-dealer they controlled, submitting false reports to the SEC regarding Seidel & Co.'s net capital, and, in the Criminal Case, making false statements to SEC staff. The allegations are detailed in the SEC's complaint and the criminal complaint filed in this District on December 23, 2019 (the "Criminal Complaint").[2]

On December 23, 2019, Seidel and Mekawy were presented on the Criminal Complaint. The SEC filed this Civil Action the same day. As discussed, both Seidel and Mekawy have expressed an interest in a speedy resolution of the charges in the Criminal Case. The Government also understands

---

[1] The defendant named as Benjamin Mekawy in this action is named as Benjamin Mekaway in the Criminal Case.

[2] The Criminal Complaint is attached as an exhibit to this letter.

that both defendants have indicated an interest in settling the allegations in this matter. The requested stay will allow those discussions to conclude, while avoiding the necessity for the parties and the Court to engage in time-consuming motion and discovery practice. The stay will also protect the Government's interest, in that it will delay disclosure to the defendants of information that, under the relevant criminal rules, would not typically be available to them until much closer to trial.

## Legal Standards

Rule 24 of the Federal Rules of Civil Procedure ("FRCP") provides for the intervention of parties in civil lawsuits either by right or by permission of the court. "[C]ourts in this Circuit have routinely allowed federal or state prosecutors to intervene in civil litigation in order to seek a stay of discovery." *SEC v. Treadway*, No. 04 Civ. 3464 (VM), 2005 WL 713826, at *2 (S.D.N.Y. Mar. 30, 2005). With respect to stays of SEC enforcement cases in light of criminal prosecutions, courts consider six factors, namely: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *See, e.g., Treadway*, 2005 WL 713826, at *2.

## Discussion

The Government should be permitted to intervene and seek a stay of the Civil Action. The Government has a right to intervene under FRCP 24(a) because it has an interest in the transactions at issue in the Civil Action, and alternatively, it should be permitted to intervene under FRCP 24(b) because the Criminal Case involves claims and defenses that share common questions of law and fact with the Civil Action. Thus, as is customary in this District, the Government should be permitted to intervene and seek a stay of these proceedings.

Furthermore, application of the factors set forth above weighs in favor of the stay sought by the Government. *First*, there is complete overlap between the facts at issue in the Civil Action and those at issue in the Criminal Case. *Second*, charges have been brought in the Criminal Case and the parties are in discussions regarding resolutions. Accordingly, a stay would be of very limited duration. *Third*, a stay would not significantly prejudice the parties in the Civil Action. No party opposes a stay, and, even if the Civil Action were allowed to proceed in the normal course, in the absence of a settlement, it cannot proceed to a conclusion without full discovery, which would take much longer than the Government currently anticipates it will take to resolve the Criminal Case. *Fourth*, the public interest weighs heavily in support of a stay. The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery – restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process. *See Bd. of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991). *Finally*, the interests of the Court are best served by a stay. Given that a disposition in the Criminal Case is likely, judicial economy is served by allowing the Criminal Case to conclude before litigation of this matter proceeds. *See In re Worldcom, Inc. Securities Litig.*, 02 CIV. 3288 (DLC), 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002) ("The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote

settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges.").

For the foregoing reasons, the Government should be permitted to intervene in the Civil Action, and the Court should stay this action until the resolution of the Criminal Case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Scott Hartman
Assistant United States Attorneys
(212) 637-2357

cc: All Counsel (by ECF)

> Request GRANTED. The government is given leave to intervene in the civil action by the SEC in this court. Proceedings herein are stayed pending resolution of a related criminal case.
>
> SO ORDERED:
> 2-19-20
> DATE    VICTOR MARRERO, U.S.D.J.